**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN MOGANNAM,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) **AND ROSENTHAL FAIR DEBT** |
| **SANTANDER CONSUMER USA, INC.,** | ) **COLLECTION PRACTICES ACT** |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, John Mogannam ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Santander Consumer USA, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. On average, Plaintiff received from Defendant, more than two calls per day, more than ten collections calls per week, and more than twenty collections calls per month, including but not limited to, September 5, 2010 at 12:29pm, 2 calls on September 8, 2010 at 2:10pm, 2 calls on September 11, 2010 at 8:08am, September 15, 2010 at 8:09am, September 21, 2010 at 8:03am, 4:27pm, and 6:16p,. September 26, 2010 at 8:13am, 2 calls on September 29, 2010 at 1:20pm and 2 calls on September 30, 2010 at 4:57pm.

7. On more than one occasion, Defendant contacted Plaintiff's daughter, a third party to this action, and disclosed information regarding Plaintiff's alleged debt, including but not limited to, calling Plaintiff's daughter's cell phone up to 6 times per day.

8. On more than one occasion, Plaintiff has instructed Defendant to cease and desist calls and to pursue collection of the debt via written notice only.

9. Defendant continues to contact Plaintiff despite being informed that the calls are inconvenient to Plaintiff.

10. On or about September 7, 2010, Plaintiff's counsel sent a letter informing Defendant that Plaintiff had been retained by counsel and to request that Defendant cease and desist direct contact with Plaintiff.

11. Despite Plaintiff's counsel's efforts, Defendant continued to contact Plaintiff directly including but not limited to, 2 calls on September 8, 2010 at

2:10pm, 2 calls on September 11, 2010 at 8:08am, September 15, 2010 at 8:09am, September 21, 2010 at 8:03am, 4:27pm, and 6:16p,. September 26, 2010 at 8:13am, 2 calls on September 29, 2010 at 1:20pm and 2 calls on September 30, 2010 at 4:57pm.

12. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));
b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));
c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));
d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));
e) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information (§1692b & §1692c(b));
f) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested (§1692b(1) & §1692c(b));
g) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§1692b(2) & §1692c(b))
h) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§1692b(3) & §1692c(b));
i) In connection with an attempt to collect an alleged debt from Plaintiff, communicating with a third party by postcard (§1692b(4) & §1692c(b));

j) When contacting a third party in connection with an attempt to collect an alleged debt from Plaintiff, using language or a symbol in the envelope or the contents of the communication that indicated that Defendant is a debt collector or that the communication related to the collection of a debt (§1692b(5) & §1692c(b))

k) Contacting a third party after learning that Plaintiff is being represented by counsel with regard to the subject debt, where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel (§1692b(6) & §1692c(b));

l) Contacting a third party after learning that Plaintiff is being represented by counsel with regard to the subject debt and after Plaintiff's attorney responded within a reasonable period of time to a communication from Defendant (§1692b(6) & §1692c(b));

m) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

n) In connection with collection of a debt, using or threatening to use violence or other criminal means to harm the physical person, reputation, or property of Plaintiff (§1692d(1));

o) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

p) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

q) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

r) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

s) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§1692f(1));

t) Collecting an amount from Plaintiff that is not permitted by law (§1692f(1)); and

u) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2).

13. As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of January, 2011.

By: /s Todd M. Friedman
**TODD M. FRIEDMAN (216752)**
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**